UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
ANDRE SAINT CYR,                    :
                                    :
        Petitioner,                 :   Civ. No. 20-1731 (NLH)
                                    :
    v.                              :   OPINION
                                    :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Respondent.                 :
_____:

APPEARANCES:

Andre Saint Cyr
04179-104
McRae Correctional Facility
P.O. Drawer 55030
McRae Helena, GA 31055

    Petitioner Pro se

HILLMAN, District Judge

    Andre Saint Cyr, a federal prisoner presently incarcerated in FCI McRae, Georgia,[1] has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the validity of his federal conviction and sentence. ECF No. 4. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

---

[1] The petition was properly filed in this Court as Petitioner was detained in FCI Fort Dix, New Jersey when he filed his petition.

I.  BACKGROUND

"This criminal case began with a government-created reverse sting operation during which Jean Cazy and Andre Saint Cyr agreed to rob a fictional cocaine stash-house." United States v. Cazy, 618 F. App'x 569, 571 (11th Cir. 2015).  A jury from the Southern District of Florida convicted Petitioner of conspiracy to commit a Hobbs Act robbery, 18 U.S.C. § 1951; conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. § 846; attempt to possess more than 500 grams but less than 5 kilograms of cocaine, 21 U.S.C. § 846; conspiracy to use, carry, and possess a firearm during the commission of a crime of violence and drug trafficking crime, 18 U.S.C. § 924(c); use, carry, and possess a firearm during the commission of a crime, 18 U.S.C. § 924(c); use, carry, and possess a firearm during the commission of a drug trafficking crime, 18 U.S.C. § 924(c); and possession of an unregistered firearm (silencer), 26 U.S.C. § 5861(d).  United States v. Saint Cyr, No. 13-cr-60267 (S.D. Fla. May 29, 2014) (ECF No. 233).

Petitioner was sentenced to 295 months imprisonment.  Id. The United States Court of Appeals for the Eleventh Circuit affirmed his convictions and sentence.  Cazy, 618 F. App'x 569. The Supreme Court denied a writ of certiorari.  Saint Cyr v. United States, No. 15-5691 (Oct. 5, 2015).

Petitioner filed a motion to correct, vacate, or set aside his conviction and sentence under 28 U.S.C. § 2255. Saint Cyr, No. 13-cr-60267 (S.D. Fla. July 11, 2016) (ECF No. 289). The sentencing court denied the motion but amended the judgment to reflect a lower special assessment. Id. (Nov. 17, 2016) (ECF No. 296).

On February 18, 2020, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court. ECF No. 1. The Court administratively terminated the petition as Petitioner had not paid the filing fee. ECF No. 3. Petitioner submitted an amended petition along with his filing fee, ECF No. 4, and the Court reopened the matter. On November 25, 2020, Petitioner submitted a memorandum in support of his petition. ECF No. 5.

II.  STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting

submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

III. ANALYSIS

Petitioner brings this action under 28 U.S.C. § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

4

Petitioner raises two claims before this Court: (1) "[t]he district court erred in sentencing the movant to three 18 U.S.C. § 924(c) conviction for the same crime, which violated the Double Jeopardy Clause . . ."; and (2) "[w]hether the government improperly inflated Movant's culpability by choosing a quantity of drugs . . . that would trigger a higher mandatory minimum." ECF No. 4 at 14-15.  In the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'"  Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)).  "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion.  What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."  Id.

Petitioner raised his Double Jeopardy claim in his direct appeal to the Eleventh Circuit.  See United States v. Cazy, 618

5

F. App'x 569, 573 (11th Cir. 2015).  In addition to the Double Jeopardy Clause, Petitioner cites United States v. Davis, holding that § 924(c)(3)(B) is unconstitutionally vague.  139 S. Ct. 2139 (2109).  Petitioner raised this argument in a petition to file a second or successive motion under § 2255(h).  United States v. Saint Cyr, No. 13-cr-60267 (S.D. Fla. June 15, 2020) (ECF No. 315).  The Eleventh Circuit granted him permission to file that claim in the sentencing court.  In re: Andre Saint Cyr, No. 20-12174 (June 25, 2020).  As Petitioner has had a prior opportunity to raise his Double Jeopardy and Davis claims, § 2255 is not ineffective or inadequate to address Petitioner's convictions.

Likewise, Petitioner had a prior opportunity to raise his sentencing factor manipulation claim.[2]  Petitioner challenged the investigation and the structure of the indictment in his direct appeal.  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §

---

[2] "As for sentencing factor manipulation, its broadest formulation holds that it is a violation of the Due Process Clause that occurs when the government unfairly exaggerates the defendant's sentencing range by engaging in a longer-than-needed investigation and, thus, increasing the drug quantities for which the defendant is responsible." United States v. Sed, 601 F.3d 224, 231 (3d Cir. 2010) (cleaned up).

6

2255." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Accordingly, the Court lacks jurisdiction over the petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court declines to transfer the petition to the Eleventh Circuit because the court of appeals has already granted Petitioner permission to file a second or successive § 2255 motion based on Davis. It does not appear Petitioner can meet the standard for filing a second or successive § 2255 motion regarding his other claims. Nothing in this opinion prevents Petitioner from filing such a motion in the Eleventh Circuit if he so chooses, however.

IV. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is dismissed for lack of jurisdiction. An appropriate order will be entered.


Dated: December 2, 2020      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.

7